## CIRCUIT COURT OF CAMPBELL COUNTY

Charles Harold Burks et al.

v.

Woodside Associates et al.

October 29, 1991

Case No. (Chancery) 6917-B

By JUDGE J. MICHAEL GAMBLE

This action is a suit by Charles Harold Burks and wife to have the Court declare that restrictive covenants on certain real estate which they own bordering on U.S. Route 460 restricting such real estate to residential, and not commercial or business purposes, are invalid. The plaintiffs basically maintain that these restrictions are not enforceable because there has been such a radical change in the character and nature of the neighborhood since the restrictions were imposed in 1956, they are no longer valid or, in the alternative, that these are not restrictions that run with the land and are only enforceable between J. Morris Hicks and the original purchasers, Robert E. Torrence and Edna H. Torrence.

The facts in this case show that the plaintiffs acquired their property from a Mr. and Mrs. Weiland in 1972 (Plaintiffs' Exhibit # 4). The Weilands acquired the property from Robert E. Torrence and wife. Mr. and Mrs. Torrence initially acquired the property in 1956. Mr. and Mrs. Torrence acquired the property from J. Morris Hicks, the common grantor to most of the parties to this case. In the deeds from Hicks to Torrence, a restriction was imposed that the property should only be used for residential purposes and not used for any commercial or business purpose.

In 1960, J. Robert Hicks developed the property along Hicks Circle Drive. In plats placed on record in the Campbell County Clerk's Office, he provided that the lots shall be used for residential purposes only and should not be used for commercial or business purposes (Defendants' Exhibit A & B).

The actions of J. Robert Hicks indicate a general scheme of development and intention to develop the property surrounding what is known as Hicks Circle Drive as residential property. Although the restrictions were imposed at different times (1956 and 1960), all of the property was restricted for residential uses. Accordingly, each lot owner has a restriction against commercial or business purposes running with the ownership of his or her land. *Bain v. Bain*, 234 Va. 260, 264 (1987); *Burns v. Winchester Hospital*, 225 Va. 545, 459 (1983).

Accordingly, the allegation by the plaintiffs that the residential use restriction was personal only between Torrence and Hicks is not correct because a common scheme in plan of development was imposed by Hicks to insure that the lots were used for residential purposes.

The major issue is whether the nature of the neighborhood has so radically changed that the restrictions should now be declared void. The plaintiffs maintain that there has been a radical change in the neighborhood from 1956 to the present which make the restrictions against commercial use no longer valid. In *Marks v. Wingfield*, 229 Va. 573, 576 (1985), the Supreme Court of Virginia stated:

> When a party seeks to defeat their enforcement on the ground of changed conditions in the neighborhood, he must prove that conditions in the whole neighborhood have changed so radically as to virtually destroy the essential purposes and objectives of the agreement.

The plaintiffs have outlined commercial changes along U.S. Route 460 (Timberlake Road) from the 1950's to the present. Also, they have produced evidence that the comprehensive plan of Campbell County calls for the area along U.S. Route 460 where the property of the plaintiffs is located to become commercial. Also, the plaintiffs produced evidence by various real estate agents that the

highest and best use of the plaintiffs' property is a commercial use.

Nonetheless, the Court has reviewed the evidence and actually taken a view of the subject real estate. While there have clearly been changes along Timberlake Road to make it more commercial in nature over recent years, the court does not believe that the changes are so radical as to require the Court to void the restrictions imposed on the subject real estate. A view of the subject real estate indicates that it is not commercial at the present time. Further, the property located immediately to the northwest of the subject real estate off of Hicks Circle Drive is undeveloped. Also, Federal Hills Subdivision, a very nice subdivision, is located further to the north. Therefore, all of the current facts indicate that the area developed by J. Morris Hicks in the vicinity of Hicks Circle Drive is still residential and noncommercial in nature. Possibly in future years, the environment will so dramatically change that it will become a commercial neighborhood or area. That extent of change has not yet occurred in the view of this Court.

In *Booker v. Old Dominion Land Company*, 188 Va. 143, 148 (1948), the Supreme Court of Virginia stated:

> no hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, but it can be safely asserted the changes must be so radical as to practically destroy the essential objects and purposes of the agreement.

In the instant case, the changes in the area of Hicks Circle drive have not been so radical as to destroy the essential objects and purposes of the restrictions. Therefore, the Court cannot declare them null and void.